392 P.2d 14

Petition of Dan SOSA, Jr., for a Writ of Mandamus.

No. 7612.

Supreme Court of New Mexico.

April 27, 1964.

Dan Sosa, Jr., Las Cruces, pro se.

Shipley, Seller & Whorton, Alamogordo, for respondent Richard A. Stanley.

PER CURIAM.

This is an original proceeding in mandamus.

The Secretary of State, in conformity with an opinion of the Attorney General, certified to the county clerks of three counties comprising the Third Judicial District that the names of the candidates for district judge for Division II of the Third District be placed upon the ballot for the next primary election, in the order which had been determined by lot. Petitioner was given the No. 1 position, Richard A. Stanley the No. 2 position, and The Honorable George L. Zimmerman was given position No. 3. Thereafter, following certain proceedings of no materiality here, the Secretary of State proposed to change the order of the names on the ballot and advised the various county clerks involved that names be placed on the ballot in the order in which the three candidates filed for such position. The result would be that the petitioner would receive position No. 3, he being the last of the three candidates to file his declaration of candidacy in the office of the Secretary of State. We issued our alternative writ of mandamus, directing the Secretary of State and the three county clerks concerned to desist and refrain from removing the petitioner's name from the No. 1 position, or to show cause why the alternative writ should not be made permanent. No return or other answer was made to the alternative writ by any of the four officials concerned, but Richard A. Stanley was granted leave to intervene, and filed a response together with a brief. Thus the issue is joined between two of the real parties in interest and the case is ripe for decision.

The real question relates to the order in which the names of the candidates for district office shall be placed upon the primary election ballot. Petitioner urges that the statute provides for a drawing by the Secretary of State so that the positions will be determined by lot; respondent to the contrary maintaining that the candidates must be listed on the primary election ballot in the order in which they filed their declarations of candidacy.

We are squarely faced with the question of whether § 3–11–47.1, N.M.S.A., 1961 Pocket Supp., was repealed, either expressly or by implication, by ch. 317 of the Session Laws of 1963. The problem arises because of the following circumstances: Chapter 218 of the Session Laws of 1955 was an act known as "Primary Election Code." It comprised thirty-three sections, which were subsequently included in the supplement of the New Mexico Statutes Annotated, 1953, and were numbered §§ 3–11–36 to 3–11–68. A few of these particular sections were

subsequently amended, in one way or another, in 1957 and 1959, but generally remained as enacted until the 1963 legislature. However, in 1959, with the passage of ch. 102, one of the sections, being § 3–11–47, was slightly amended, and, by this same chapter, the legislature enacted § 3–11–47.1; this section was then, by the compiler, placed in the pocket supplement between § 3–11–47 and § 3–11–48. The difficulty arises because the 1963 session enacted ch. 317, consisting of thirty-six sections constituting "The Primary Election Code," and the last section of which provided as follows:

> "Section 36. REPEAL.—Sections 3–11–36 through 3–11–68 New Mexico Statutes Annotated, 1953 Compilation (being Laws 1949, Chapter 123, Laws 1955, Chapter 218, as amended) are hereby repealed."

Query: Was § 3–11–47.1 repealed outright by this language? Alternatively, if the section was not expressly repealed, was it repealed by implication? We are inclined to the view that the section was repealed expressly by the language of the repealer.

The 1961 pocket supplement, N.M.S.A. 1953, under article 11—Primary Elections —contains §§ 3–11–36 to 3–11–68 only, except that, as above stated, § 3–11–47.1 is made a part of the article and § 3–11–54.1 is also included. Therefore, other than these two subsections, it is readily apparent that the balance of the article was repealed. We note that § 3–11–54.1, which relates to the time that a candidate may withdraw prior to a general election, was amended by ch. 154, Session Laws of 1963. We express no opinion as to its status. It is beyond belief that the legislature, having before it the pocket supplement, would not have intended to repeal § 3–11–47.1 and to leave this particular subsection somewhat as a "fifth wheel" to be attached to the new Primary Election Code. This is even more apparent when we examine the plainly repealed § 3–11–47, which, as stated above, was enacted at the same time as the section in question, for the simple reason that § 3–11–47 provided for the preparation of ballot and particularly specified the order upon which candidates' names should appear on the ballot, viz., by lot. The repealed section provided that congressional, state and district candidates should be determined by lot by the Secretary of State, and that county and precinct candidates by lot by the county clerks. Actually, § 3–11–47.1 merely made more specific some of the details provided for in § 3–11–47 and really is supplemental rather than an independent section.

In addition to the above, this particular section conflicts with the provisions of § 3–11–18, N.M.S.A.1953, 1963 Supp., which was § 18 of ch. 317 of the Laws of 1963. Although in many particulars these sections are alike, § 18 is more detailed and is some-

what similar to the repealed § 3–11–47, with, however, the very great difference, insofar as this case is concerned, that § 3–11–18 provides that the names of candidates shall be printed one under another "in the order of filing." Section 3–11–47.1, in mentioning "by lot," followed the provisions of the old § 47. It cannot be made compatible with the provision of the new § 18 with its provision as to how the names of the candidates shall be placed upon the ballot. We would also note that § 3–11–17 (§ 17, ch. 317, N.M.S.L.1963) provides for the sending by registered mail by the Secretary of State to the county clerks of a list of candidates and adds the words "together with the order and date of filing." The information as to the "order" in which the candidates "filed" would be of no value if the order of names on the ballot were to be determined "by lot."

■ It thus seems to us that the 1963 legislature intended to eliminate the former provision of the law providing for the selection of places on the ballot by lot, and to substitute in lieu thereof the requirement that the names appear in the order of their filing. The only mention of "by lot" in the entire chapter is in §§ 4 and 7, ch. 317 (§§ 3–11–4 and 3–11–7) which have reference solely to candidates nominated by petition for offices subject to nomination at the party convention. This section has no application to the office of district judge.

■ It is not for us to judge the wisdom of the provision as to the order that names shall appear on the ballot—we are merely construing the statutes as written. The rules of construction have been many times stated by us, and citation of authority with respect thereto would merely unduly lengthen this opinion. But see Montoya v. Mc-Manus, 1961, 68 N.M. 381, 362 P.2d 771; and Stokes v. New Mexico State Board of Education, 1951, 55 N.M. 213, 230 P.2d 243, both of which cases cite many of our prior decisions.

■ It is our considered judgment that the section of the statute relied upon was expressly repealed. However, even if not, the same was repealed by implication under the rule stated in State v. Valdez, 1955, 59 N.M. 112, 279 P.2d 868, where we said:

"The doctrine that repeals by implication are not favored is firmly imbedded in our law, but we are equally committed to the rule that where two statutes have the same object and relate to the same subject, if the later act is repugnant to the former, the former is repealed by implication to the extent of the repugnancy, even in the absence of the repealing clause in the later act. * * *"

Portions of § 3–11–47.1 relating to the deadlines for the doing of certain duties by the county clerks and the Secretary of State are conflicting, which merely adds to

the confusion; and the "by lot" provision is repugnant to the express words of § 18.

It follows that the alternative writ of mandamus was improvidently issued, and the same shall be quashed. It is so ordered.

CARMODY, CHAVEZ, NOBLE and MOISE, JJ., and J. V. GALLEGOS, District Judge, concur.

COMPTON, C. J., having recused himself, not participating.