506 P.2d 1204 (1973)
84 N.M. 657
In the Matter of the Revocation of the Driving Privileges of Bobbie Fran McCAIN By the Commissioner of Motor Vehicles of the State of New Mexico.
COMMISSIONER OF MOTOR VEHICLES of the State of New Mexico, Appellant,
v.
Bobbie Fran McCAIN, Appellee.
No. 9540.
Supreme Court of New Mexico.
February 23, 1973.
*1206 David L. Norvell, Atty. Gen., Jay F. Rosenthal, Jane E. Pendleton, Asst. Attys. Gen., Santa Fe, for appellant.
Lowell Stout, Hobbs, for appellee.

OPINION
MARTINEZ, Justice.
This is an appeal from the District Court of Lea County asking the Supreme Court to reverse the judgment of the trial court which rescinded the order of the Commissioner of Motor Vehicles revoking the driver's license of Bobbie Fran McCain pursuant to Section 64-22-2.11, N.M.S.A., 1953.
On December 20, 1971, Bobbie Fran McCain was arrested for driving while under the influence of intoxicating liquor. The arresting officer requested that she take a chemical test for determining alcoholic content of the blood. After she was advised that refusal could result in suspension of her license, she refused to submit to the test. On January 3, 1972, her driver's license was revoked.
Appellee points out the fact that none of the findings of the trial court are properly challenged by appellant as required by Supreme Court Rule 15(16)(b) and therefore asserts that the unchallenged findings of fact necessarily require affirmance of the trial court's decision. We disagree.
The district court adopted the following findings of fact:
"1. The Court has jurisdiction of the parties and the subject matter.
"2. Reasonable grounds do not exist for the revocation or denial of Appellant's license or privilege to drive.
"3. The city policeman who arrested Appellant on or about December 20, 1971, did not have reasonable grounds or probable cause to believe that Appellant drove a vehicle upon the highways inside the city limits of Hobbs, New Mexico.
"4. The appellant was arrested and charged with the offense of driving while under the influence of intoxicating liquor contrary to the following ordinance enacted by the City of Hobbs, New Mexico:
`10-201  Persons Under the Influence of intoxicating Liquor or Narcotic Drugs. It shall be unlawful for any person whether licensed or not who is an habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs to drive any vehicle upon a highway within this City. (Ord. 99, November 1, 1937).'
"5. The Appellant was tried and acquitted of the charge in the Magistrate Court of the City of Hobbs, Lea County, New Mexico on January 26, 1972, as the evidence adduced showed that the alleged offense took place on private property, and there was no evidence to show that the Appellant drove a vehicle upon a highway within the City of Hobbs, contrary to the above described ordinance.
"6. The Appellant's arrest was not lawful.
"7. Appellant was not properly advised of the consequences of her refusal to submit to a chemical test upon the request of the arresting officer.
"8. The arresting officer merely advised Appellant that her failure to submit to the test could possibly result in the revocation of her privilege to drive when in truth and in fact such privileges are automatically revoked by the Commissioner of Motor Vehicles upon refusal to submit to the test.
"9. Appellant was extremely nervous and emotionally upset at the time of her *1207 arrest and did not intelligently refuse to submit to the chemical test.
"10. The Commissioner of Motor Vehicles refuses to grant a limited driving privilege under Section 64-13-64.1 N.M.S.A. 1953 Annotated when a person's license is revoked under the provisions of Section 64-22-2.11 N.M.S.A. 1953 Compilation, relating to the refusal to submit to a chemical test; whereas, a limited driving privilege would have been granted to Appellant in this case if she had consented to a chemical test and had been convicted of driving on the highways while under the influence of intoxicating liquor."
Appellant, in fact, makes no challenge to findings of fact 1, 3, 4, 5, 8, 9, and 10, yet these findings do not require affirmance of the trial court's decision. It is the opinion of this Court that findings of fact Nos. 2, 6, and 7 are in reality conclusions of law based upon findings of fact. These conclusions of law are challenged in the points of error in the brief-in-chief. This Court is not bound by the labels of "finding of fact" or "conclusion of law" attached by the lower court. Santa Fe Lodge No. 460 v. Employment Security Commission, 49 N.M. 149, 159 P.2d 312 (1945).
Appellant alleges that the district court erred in holding that Section 64-22-2.11, N.M.S.A., 1953, is unconstitutional as written and as administered under the due process clauses of the state and federal constitutions. Implied Consent Laws have consistently been upheld as a valid exercise of the police power of the state. The statutes are framed upon the premise that when a person obtains a license to operate a motor vehicle, he impliedly consents to the sobriety test. The theory behind this statute is fundamentally sound and the statute should unquestionably be sustained if reasonable and proper safeguards required by the due process clauses are provided. However, appellee and the trial court believe that the statute, as written and as administered, violates the due process clauses of the state and federal constitutions.
The due process clauses of the state and federal constitutions stand for protection against the arbitrary exercise of the powers of government. On the other hand, a primary obligation of a state is protecting the safety and welfare of its public.
Upon reviewing the transcript, it is apparent that the trial court considered the Implied Consent Law to be improper and unreasonable. Yet, it is up to the legislature to decide upon the wisdom and propriety of legislation, not the court. In Ferguson v. Skrupa, 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93, 95 A.L.R.2d 1347 (1963).
Each of the 50 states have enacted Implied Consent Laws providing that one who operates a motor vehicle within the state is deemed to have given consent to a chemical test to determine alcoholic content of his breath, blood, or urine. One purpose is to deter driving while intoxicated. Another purpose is to aid in discovering and removing from the highways the intoxicated driver. These purposes are valid and well within the proper scope of the state's police powers. Severson v. Sueppel, 260 Iowa 1169, 152 N.W.2d 281 (1967).
The due process argument has been raised as to the Implied Consent Law in various jurisdictions. The first such argument was made in Schutt v. MacDuff, 205 Misc. 43, 127 N.Y.S.2d 116 (1954), wherein it was held that the law as written by the New York Legislature denied due process. The defects of the statute were amended, and since this time, the statutes of New York and of other jurisdictions containing the safeguards set out by Schutt have been consistently upheld in the face of due process arguments. Heer v. Dept. of Motor Vehicles, 252 Or. 455, 450 P.2d 533 (1969); Blydenburg v. David, 413 S.W.2d 284 (Mo. 1967); State v. Hanusiak, 4 Conn. Cir. 34, 225 A.2d 208 (1966); Gottschalk v. Sueppel, 258 Iowa 1173, 140 N.W.2d 866 *1208 (1966); Prucha v. Dept. of Motor Vehicles, 172 Neb. 415, 110 N.W.2d 75 (1961).
In Heer v. Dept. of Motor Vehicles, supra, the court stated:
"Petitioners claim that procedure under the Implied Consent Law violates requirements of due process of law. This contention has also been made frequently against the law in other states. In Gottschalk v. Sueppel, supra, answering this challenge the court simply stated that due process consists of notice and a chance to be heard, which is included in the process under the Implied Consent Law as we have it in Oregon. Blydenburg v. David, supra, held that due process requirements are satisfied if the law has a provision in it for an administrative hearing subject to judicial review."
Section 64-22-2.6 through Section 64-22-2.12, N.M.S.A., 1953 Comp. specifically provide for the safeguards demanded by Schutt and for the due process requirements of Blydenburg. The most demanded of any such statute is that: (1) the person be under arrest, (2) the officer have reasonable grounds to believe the person had been driving while under the influence of intoxicating liquor, (3) the person be informed of the consequences of refusal to submit to a test, (4) on request to take the test the person refuses, (5) the person be notified of revocation of his driver's license and of his right to a hearing, and (6) judicial review be provided. The New Mexico Implied Consent Law provides for all of these. There has been no denial of due process.
Neither does the New Mexico Implied Consent Law deny equal protection, as is alleged by appellee. It makes no classifications in regard to its application to drivers. As stated in Heer v. Dept. of Motor Vehicles, supra, the Implied Consent Law and its procedure affects alike all persons licensed to operate motor vehicles and does not violate equal protection of the laws. It is perfectly reasonable to make a separate classification for those who refuse to submit to the test, and it is not unreasonable that harsher treatment might be given those who refuse to submit.
Appellant further alleges that the district court erred, as a matter of statutory construction, in holding that Section 64-22-2.11, N.M.S.A., 1953, is limited in application to public highways, streets, and thoroughfares. This statute, as amended in 1971, requires that the person be driving or in actual control of a motor vehicle. It does not require driving a motor vehicle on a public highway, street, or thoroughfare. Prior to the 1971 amendment, the statute required that the arresting officer have "reasonable grounds to believe the arrested person had been driving a motor vehicle on the public highways." This was changed to omit the reference to public highways and to broaden the statute's application to those driving or in actual physical control of a motor vehicle. Also Section 64-22-2.6 of the Implied Consent Law was amended to read, "* * * operates a motor vehicle within this state," rather than "* * * operates a motor vehicle upon the public highways of this state." In view of the 1971 Amendment, the legislature clearly intended that the application of the law not be limited to public highways.
There is no merit to appellant's contention that there is nothing in the title of the act to suggest that the law applies to private property. The title does not restrict application of the law to public property. It is phrased in broad terms and certainly gives notice of its subject matter.
Appellant further argues that the district court erred in holding that no reasonable grounds exist for revocation of appellee's license to drive, and that the order of the Commissioner of Motor Vehicles revoking her driving privileges should be rescinded. It is the opinion of this Court that the arresting officer had reasonable grounds to believe that appellee was driving while under the influence of intoxicating liquor. He smelled liquor on her person, she was not walking correctly, and she drove her car into a pump on an open driveway of a service station. The Implied *1209 Consent Law, Section 64-22-2.11, supra, requires only that an officer have reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle within the state while under the influence of intoxicating liquor. New Mexico has no reported cases construing what constitutes reasonable grounds for an officer to believe that a person is under the influence of intoxicating liquor. However, under the Implied Consent Laws of other jurisdictions such reasonable grounds have been interpreted and the above mentioned actions of appellee are well within this category. Thorp v. Dept. of Motor Vehicles, 4 Or. App. 552, 480 P.2d 716 (1971); Andros v. State Dept. of Motor Vehicles, 5 Or. App. 418, 485 P.2d 635 (1971); and Clancy v. Kelly, 7 A.D.2d 820, 180 N.Y.S.2d 923 (1958).
Appellee's acquittal of the crime of driving while intoxicated in no way affects the proceeding to revoke the driver's license of a person who refuses to submit to a test for determining alcohol content of his blood. Such proceeding is entirely separate and distinct from the proceeding to determine the guilt or innocence of the person as to the crime for which he was arrested. Gottschalk v. Sueppel, 258 Iowa 1173, 140 N.W.2d 866 (1966); Bowers v. Hults, 42 Misc.2d 845, 249 N.Y.S.2d 361 (1964); Finocchairo v. Kelly, 11 N.Y.2d 58, 226 N.Y.S.2d 403, 181 N.E.2d 427 (1962).
Under Section 64-22-2.11, supra, the arresting officer must, upon requesting a person to submit to a chemical test, advise him that "failure to submit could result in a revocation of his privilege to drive." The arresting officer did so advise appellee. This is all that is required of the officer; therefore, appellee was properly advised of the consequences of her refusal to submit to a chemical test.
The requirements of the New Mexico Implied Consent Law were met; the procedure for arrest and for revocation of appellee's license was in no way defective. The implied Consent Law is a reasonable and valid exercise of the police power of the State of New Mexico. It does not violate appellee's constitutional rights as written or as applied. The decision of the district court is reversed and the cause is remanded for further proceedings consistent with the opinion.
It is so ordered.
McMANUS, C.J., and STEPHENSON, J., concur.