668 P.2d 303

Howard F. WOLFLEY,
Petitioner-Appellant,

v.

The REAL ESTATE COMMISSION of
the State of New Mexico,
Respondent-Appellee.

No. 14449.

Supreme Court of New Mexico.

Aug. 17, 1983.

Elvin Kanter, Albuquerque, for petitioner-appellant.

Paul Bardacke, Atty. Gen., Serapio Jaramillo, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

## OPINION

STOWERS, Justice.

The New Mexico Real Estate Commission (the Commission) held an administrative adjudication to determine whether probable cause existed for the revocation or suspension of Howard F. Wolfley's (Appellant's) license as a real estate salesman. The Commission suspended Appellant's license for four months. The district court affirmed and Mr. Wolfley appeals. We affirm the district court.

We discuss two issues:

1. Whether Appellant received sufficient notice of the charges against him to allow him due process and time to prepare an adequate defense.

2. Whether there was substantial evidence to support the district court's decision.

### 1. Notice

Appellant argues that the Notice of Contemplated Action provided him no notice that either his competence as a real estate salesman or the propriety of his conduct was to be placed in question. Appellant states that because he was notified only that the Commission believed that they had sufficient evidence indicating that he had made "various misrepresentations or untrustworthy statements to the Bodes, that he knew or should have known were such," he was essentially accused of fraud. As a result, Appellant argues that he did not receive adequate notice of the charges against him.

The record reveals, however, that it was made clear at the beginning of the hearing that the allegations against Appellant included charges of untrustworthiness, impropriety, and dishonesty. Appellant neither requested a continuance nor raised an objection at that time. Furthermore, the notice to Appellant quoted subsections (A), (B), and (K) of Section 61–29–12, the statute governing real estate brokers and salesmen. NMSA 1978, §§ 61–29–1 through 61–29–19 (Repl.Pamp.1979 and Cum.Supp.1982) (effective until July 1, 1984). Any one of the sections could justify disciplinary action against a person licensed as a real estate broker or salesman.

The notice also specified conduct on the part of Appellant considered to be in violation of these subsections. The notice did not simply state that the specific acts

alleged constituted misrepresentations but also stated that they constituted incompetent, untrustworthy, or improper behavior on the part of the real estate licensee. Appellant was given notice of the factual basis for the charges against him and an opportunity to rebut those charges at a hearing before any adverse action was taken against him by the Commission. Moreover, Appellant was represented by counsel and had ample time prior to the hearing to raise any objections to the Notice of Contemplated Action or to request that a more definite statement be issued. Additionally, Appellant did not object to the adequacy of the notice either at the hearing before the Commission or before district court. It is well established in this state that theories, defenses, or other objections will not be considered when raised for the first time on appeal. *In re Will of Skarda,* 88 N.M. 130, 537 P.2d 1392 (1975); *Groendyke Transport, Inc. v. New Mexico State Corporation Commission,* 85 N.M. 718, 516 P.2d 689 (1973). Similarly, issues not raised in administrative proceedings will not be considered for the first time on appeal. *Kaiser Steel Corp. v. Revenue Division, Taxation and Revenue Department,* 96 N.M. 117, 628 P.2d 687 (Ct. App.), *cert. denied,* 96 N.M. 116, 628 P.2d 686 (1981). Appellant has presented no evidence of prejudice or extraordinary circumstances sufficient to justify an exception in his case. Therefore, we find that the notice was sufficient to apprise Appellant of the charges against him.

## 2. Substantial Evidence

Appellant asserts that the Commission's decision should be reversed because there was no substantial evidence that Appellant was guilty of fraud. However, the Commission did not find Appellant guilty of fraud, and therefore we find no merit to this argument.

■ The Commission found that Appellant violated the specific statutory prohibitions against untrustworthy, incompetent, or improper behavior. NMSA 1978, § 61–29–12(B) and (K). Pursuant to its authority, the Commission suspended Appellant's license on the grounds that he misrepresented to prospective buyers both the size of the property in question and the age of the roof. Moreover, because Appellant was a former owner of the property and the listing salesman, the Commission concluded that Appellant possessed special knowledge relating to the size of the property and the condition of the roof. Furthermore, the Commission found that he had a duty to disclose this special knowledge. We note that on appeal from an order of the district court affirming an order of an administrative agency, this Court will review the record of the administrative hearing to determine if the administrative order was substantially supported by evidence and by applicable law. *Grace v. Oil Conservation Commission,* 87 N.M. 205, 531 P.2d 939 (1975).

■ Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Toltec International, Inc. v. Village of Ruidoso,* 95 N.M. 82, 619 P.2d 186 (1980). The evidence is to be viewed in the aspect most favorable to the action of the court or commission which is being appealed. *Rinker v. State Corporation Commission,* 84 N.M. 626, 506 P.2d 783 (1973). The evidence before the Commission supports its conclusion that the Appellant knew or should have known that the property was only .6238 acres rather than plus or minus one acre as it was listed. Furthermore, as regards the roof, Appellant was in possession of the inspection sheet that noted the roof as being approximately eighteen years old. He nevertheless alleged that the roof was only four years old. The argument that resurfacing the roof with a plastic spray constitutes a new roof is not persuasive. There was substantial evidence presented to support the Commission's finding that the work done could not reasonably be considered a new roof.

We have examined the remaining issues raised by Appellant and find no merit to his contentions.

We agree with the conclusions of the Commission which were affirmed by the district court. The Appellant's conduct with respect to the lot and roof was incompetent, untrustworthy, and improper.

We therefore affirm the decision of the district court.

IT IS SO ORDERED.

SOSA, Senior Justice, and FEDERICI, J., concur.