705 P.2d 679

**George W. ELLIOTT, Jr.,
Petitioner-Appellant,**

v.

**NEW MEXICO REAL ESTATE COMMISSION, Respondent-Appellee.**

**No. 15554.**

Supreme Court of New Mexico.

Sept. 3, 1985.

Robert C. Hanna, Ross B. Perkal, Albuquerque, for petitioner-appellant.

Paul Bardacke, Atty. Gen., Scott D. Spencer, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

## OPINION

STOWERS, Justice.

Appellant, George W. Elliott, Jr. (Elliott) appeals from the district court's affirmance of the suspension of Elliott's real estate broker's license by the New Mexico Real Estate Commission (Commission). We affirm.

Elliott's contentions are that the Commission lacked jurisdiction over the parties or the subject matter, and that in addition their suspension was unlawful, arbitrary, and capricious.

Elliott was a licensed New Mexico real estate broker and employed by the Real Estate Company of America (Company) at the time in question. He entered into an agreement with Betty and Theodore Sanville (Sanvilles) and agreed to sell their interest in a New Mexico real estate contract for which he was to receive a selling fee. The agreement also authorized the Company to serve as the exclusive agent of the sale until a certain date, and was written on company letterhead and was signed at the Company office. Elliott sold the contract interest and paid all the commissions due. Elliott paid the Sanvilles most of the balance owed them but held back the sum of $3,110.13 until he received a signed statement that there were no other liens on the property. For a period of time after that the Sanvilles still did not receive their balance, even though Elliott maintains that he attempted to pay them in the form of cashier's checks which he contends were twice lost in the mail. Eventually he gave them a personal check for the balance, which was subsequently dishonored, Elliott maintaining that the Sanvilles attempted to cash the check prematurely.

The Sanvilles filed a complaint with the Commission, and some six months after the transaction closed received the balance, and subsequently advised the Commission that they did not wish to participate in any further proceedings against Elliott. The Commission proceeded, however, and found that Elliott's actions constituted violations of statutes regulating real estate transactions, and suspended his license for one year. See NMSA 1978, §§ 61–29–1 to –29 (Repl.Pamp.1983).

Elliott filed a petition for writ of certiorari to the district court, in which he requested a review of the Commission's decision. A hearing was held and the district court concluded that it had jurisdiction over the present transaction, and that Elliott was subject to discipline by the Commission. The district court also concluded that there was evidence that the petitioner commin-

gled funds, that a trust account should have been maintained for this transaction, and that the license suspension was within the Commission's authority under Section 61–29–12.

■ The scope of judicial review of the Commission's decisions is set forth in NMSA 1978, Section 61–1–20 (Repl.Pamp. 1981) of the Uniform Licensing Act. *See* §§ 61–1–2 and 61–29–13 (applicability of Uniform Licensing Act). The Court is generally to consider only evidence presented at the hearing, and may reverse where administrative decisions are unconstitutional, in excess of their authority or jurisdiction, are procedurally or legally defective, are unsupported by substantial evidence on the record as a whole, or are arbitrary and capricious. § 61–1–20.

■ Elliott argues that the Commission had no jurisdiction over the parties or the subject matter of the proceeding because the legislative grant of authority contained in NMSA 1978, Section 61–29–1 does not include the sale of a real estate contract. We disagree. The district court found that Elliott is a real estate broker as defined in Section 61–29–2(A) and that he represented himself as such and acted in that capacity. Furthermore, the contract itself indicated that Elliott was being employed in a broker's capacity. He also received a commission for the transaction. Under these facts, there was substantial evidence to support the district court's judgment.

■ Elliott also argues that even if the subject matter of the transaction was within the jurisdiction of the Commission, its action was expressly excluded by Section 61–29–2(D), which states the provisions of Sections 61–29–1 to –29 do not apply to persons "acting as attorney-in-fact under a duly executed power of attorney from the owner authorizing the final consummation by performance of any contract for the sale, leasing or exchange of real estate." We agree with the district court that the attorney-in-fact exception of Section 61–29–2(D) does not apply here. Elliott entered into the agreement with the Sanvilles as a

broker. When a person agrees to act as a broker for another, he is acting as a fiduciary, in a position of great trust and confidence, and therefore must exercise good faith. *Amato v. Rathbun Realty, Inc.*, 98 N.M. 231, 647 P.2d 433 (Ct.App.1982). The power of attorney was given to Elliott later to enable him to complete the transaction without the Sanvilles being present. However, the fiduciary relationship between the Sanvilles and Elliott was that of broker and client.

■ Elliott finally asserts that the Commission's suspension action was unlawful, arbitrary, and capricious. Therefore, the issue before the Court is whether or not an administrative decision is reasonable and supported by substantial evidence. *Fiber v. New Mexico Board of Medical Examiners*, 93 N.M. 67, 596 P.2d 510 (1979). The district court may not on appeal substitute its judgment for that of the administrative body, but is restricted to considering whether, as a matter of law, the administrative body acted fraudulently, arbitrarily, or capriciously, whether the administrative order is substantially supported by evidence, and generally whether the active administrative body was within the scope of its authority. *Seidenberg v. New Mexico Board of Medical Examiners*, 80 N.M. 135, 452 P.2d 469 (1969). In reviewing the district court's judgment, the Supreme Court must, in the first instance, make the same review of the administrative agency's actions as did the district court. *Seidenberg v. New Mexico Board of Medical Examiners.* There was evidence in the record to support the Commission's finding that Elliott was guilty of violating Section 61–29–12 E, C, I, and K in that he commingled funds, failed to place funds entrusted to him in a trust account, and failed to remit money in his possession belonging to others within a reasonable time. We must view the evidence in the aspect most favorable to the action of the Commission. *Wolfley v. Real Estate Commission*, 100 N.M. 187, 668 P.2d 303 (1983). Viewed in such an aspect, there was substantial evidence to support the Commission's suspension action.

We affirm the decision of the district court and uphold suspension of Elliott's broker's license.

IT IS SO ORDERED.

FEDERICI, C.J., and RIORDAN, J., concur.

WALTERS, Justice (dissenting).

In addition to the facts recited in the majority opinion, the record also indicates the following: Although the agreement authorized RECA to serve as exclusive agent for the sale for a limited time, was outlined on RECA letterhead, and was signed in the RECA office, there was undisputed evidence that RECA itself did not regard the matter as a real estate transaction and refused to allow its trust account to be used. The Sanvilles, at the time of signing the agreement, also delivered to Elliott a power of attorney to enable him to consummate the transaction in their behalf since they were moving out of the state.

With respect to Elliott's testimony that he twice attempted to send the balance to the Sanvilles in the form of cashier's checks, he said that he was unsuccessful in having the lost checks traced, so he gave the Sanvilles a personal check for the balance due to them. The bank subsequently dishonored the check, but *it is not disputed* that the Sanvilles attempted to cash it prematurely.

In affirming Elliott's suspension, the trial court determined that Elliott had represented and conducted himself as a real estate broker as defined by Section 61–29–2(A) and that, therefore, the Commission had jurisdiction over him. The court also concluded that because in Sections 61–29–1 through 61–29–29, "real estate" includes leaseholds and other interests less than leaseholds, the Commission had jurisdiction over the Sanville transaction in that it involved the owner's interest in a New Mexico real estate contract. *See* § 61–29–2(A). Consequently, the court concluded and the majority agrees, Elliott was subject to discipline by the Commission.

The majority opinion ignores prior decisions of this court. We have held that through the doctrine of equitable conversion, the vendor's interest in *a contract for the sale of realty is personalty. Marks v. City of Tumcumari,* 93 N.M. 4, 595 P.2d 1199 (1979); *Gregg v. Gardner,* 73 N.M. 347, 388 P.2d 68 (1963). Thus, the Sanville transaction did not involve "real estate" as used in Sections 61–29–1 through 61–29–29, and sale of the Sanvilles' interest was not the sale of an interest in land falling within the kind of transactions subject to the jurisdiction of the Commission.

The trial court also determined that the fiduciary relationship between the parties was that of broker and client, and that the attorney-in-fact exception of Section 61–29–2(D) did not apply. I cannot agree. Even for transactions which *do* deal with real estate, Section 61–29–2(D) *specifically* provides that Sections 61–29–1 through 61–29–29 *do not apply* to persons "acting as attorney-in-fact under a duly executed power of attorney from the owner authorizing the final consummation by performance of any contract for the sale, leasing or exchange of real estate."

The majority rests its decision upon a discussion of the scope of judicial review in administrative matters. Scope of review is irrelevant if the administrative agency is without jurisdiction to decide the matter brought before it.

Under the very statutes by which the Commission was created and purported to act, the Commission lacks jurisdiction over the transaction in this case. The Commission's arguments concerning the public policy of regulating those who sell property interests is unpersuasive because the legislature had clearly defined those persons over whom the Commission has jurisdiction as those who broker or sell real estate. *See* § 61–29–2(A). Those who act as attorneys-in-fact are exempted from all of the provisions of Article 29 of Chapter 61, entitled Real Estate Brokers and Salesmen. In this transaction, Elliott was not acting as a broker or salesman. I would reverse the decisions of the trial court and of the Com-

mission and direct the Commission to reinstate petitioner's license. I, therefore, respectfully dissent.

SOSA, Senior Justice, concurs.