747 P.2d 253

**STATE SAVINGS AND LOAN ASSOCIATION OF LUBBOCK,**
Plaintiff–Appellee,

v.

**E.E. ANDERSON, individually and as d/b/a E.E. Anderson Co.,**
Defendant–Appellant.

No. 16719.

Supreme Court of New Mexico.

Dec. 22, 1987.

Bozarth, Craig & Vickers, Marion J. Craig III, Roswell, for defendant-appellant.

Cusack, Jaramillo & Associates, Mark D. McCormick, Roswell, for plaintiff-appellee.

**OPINION**

RANSOM, Justice.

State Savings and Loan Association of Lubbock (State Savings) sued E.E. Anderson for money due on two promissory notes and to foreclose a security interest. Anderson, a Texas resident, was engaged in a ready-mix concrete business in New Mexico where at least part of the secured equipment was located. On February 5, 1986, a local New Mexico lawyer filed an Entry of Appearance in which he stated that "The undersigned attorney hereby enters his appearance and acceptance of service on behalf of * * * E.E. Anderson * * * * " The record is silent as to how, when, or whether the New Mexico attorney received a copy of the summons, the complaint, or other pleadings. The fact of receipt, however, is not material.

Summary judgment was entered in favor of State Savings based upon the decision of the court that the entry of appearance and acceptance of service filed by Anderson's New Mexico attorney operated as a general appearance invoking the *in personam* jurisdiction of the court. Anderson appeals, limiting his challenge to the entry of appearance filed by his attorney, and not the acceptance of service. State Savings ac-

knowledges that the defense of lack of jurisdiction over the person is sustainable when made by motion following an entry of appearance. The focus of State Savings, however, is on the acceptance of service. We affirm.

Although authorities specifically on point have not been uncovered, it is recognized that, when the court has jurisdiction over the subject matter of a suit, a defendant who has accepted service waives objection to personal jurisdiction and, by reason of such acceptance, cannot afterwards object to the proceedings. See Smith v. Moore Mill & Lumber Co., 101 Cal.App. 492, 281 P. 1049 (1929). The fact that Anderson's attorney filed with the court an acceptance of service evinces a waiver of any jurisdictional challenge and is legally sufficient to confer personal jurisdiction. See Haggerty v. Sherburne Mercantile Co., 120 Mont. 386, 186 P.2d 884 (1947). In Haggerty, the defendant corporation, taking cognizance of an action filed against it, authorized its attorney to appear in the action and to "admit service for [the corporation]." The court held that "[b]y authorizing their counsel to 'admit service for' them the defendants voluntarily waived compliance with the provisions * * * for personal service of summons * * * *" 120 Mont. at 391, 186 P.2d at 889.

Authority of the local attorney to accept service of process in New Mexico on behalf of his client may be inferred by the court from the attorney's act of filing the acceptance. However, an attorney does not, merely by virtue of general employment, actually have authority to accept service of process on behalf of his client. The inference that such authority exists may be dispelled by evidence that the act of the attorney was not in fact authorized by the client. But here, Anderson does not reply to the assertion of State Savings that Anderson failed to present any evidence which would contradict an inference of actual authority of the New Mexico attorney to accept service of process locally.

Acceptance of service of process which will preclude an objection to defects therein may be made in one's behalf by his agent, but it must be made to appear that such agent was authorized to bind his principle by the acceptance of process. Authority of an agent to bind his principle by acceptance of service may be implied by law from the ostensible relationship between the parties * * * *
62 Am.Jur.2d Process § 29 (1972) (Acceptance of Service; by agent) at 813 nn. 1 and 2.

We hold that the attorney's filing of an acceptance of service here constituted a voluntary waiver of compliance with required provisions for personal service. Accordingly, we affirm the in personam jurisdiction of the district court.

IT IS SO ORDERED.

WALTERS, J., concurs.

STOWERS, J., concurs in result only.