798 P.2d 587

**SNYDER RANCHES, INC.,**
**Petitioner–Appellant,**

v.

**OIL CONSERVATION COMMISSION OF the STATE OF NEW MEXICO and Mobil Producing Texas & New Mexico, Inc., Respondents–Appellees.**

**No. 18860.**

Supreme Court of New Mexico.

Oct. 9, 1990.

Carpenter, Crout & Olmsted, Michael R. Comeau, Rebecca Dempsey, Santa Fe, Neal & Neal, J.W. Neal, Hobbs, for petitioner-appellant.

Robert G. Stovall, Santa Fe, for respondent-appellee Oil Conservation Com'n.

Montgomery & Andrews, W. Perry Pearce, Santa Fe, for respondent-appellee Mobil Producing Texas & New Mexico, Inc.

## OPINION

WILSON, Justice.

Petitioner-appellant Snyder Ranches, Inc. (Snyder Ranches) appeals a district court judgment in favor of respondents-appellees Mobil Producing Texas & New Mexico, Inc. (Mobil) and the Oil Conservation Commission of the State of New Mexico (Commission). We affirm the district court.

Mobil filed an application with the Oil Conservation Division of the Energy, Minerals, and Natural Resources Department of the State of New Mexico for authority to inject salt water through a disposal well into an underground formation known as the Silura–Devonian. Mobil's disposal well is located in the section adjoining Snyder Ranches's property, less than one-quarter mile west of the western boundary of Snyder Ranches's land. Expert testimony established that a northwest-southeast trending sealing fault lies east of the disposal well which will stop the migration of the injected salt water at the fault line. Snyder Ranches protested Mobil's application, and the case was heard by the Commission. At this hearing both Mobil and Snyder Ranches appeared through counsel and presented testimony and exhibits. The Commission granted Mobil's application. Snyder Ranches then petitioned the district court for a review of the Commission's order. After studying the exhibits, briefs, and transcript of the proceedings before the Commission, the district court concluded that the Commission order granting Mobil's application was supported by substantial evidence, not contrary to law, and not arbitrary or capricious.

On appeal Snyder Ranches claims that substantial evidence does not support the district court's finding that salt water injected by Mobil would not move into the formation underlying Snyder Ranches's property. Snyder Ranches insists that the evidence before the court shows clearly that the fault line in question crosses a

corner of their property and, since it is uncontroverted that the salt water will migrate to the fault, the salt water will cause underground encroachment on some portion of its land. Snyder Ranches argues that when the Commission granted Mobil's application, it authorized a trespass by Mobil upon Snyder Ranches's property, and therefore the permit to inject salt water is illegal.

Snyder Ranches raised several other correlative issues, and all parties filed extensive briefs justifying their legal positions. As we find the trespass issue dispositive, we do not reach the other points of appeal.

 We may have arrived at a different result than the Commission or the district court if we were the fact finders in this case. However, we are constrained by the following standard which limits our review.

> The district court may not on appeal substitute its judgment for that of the administrative body, but is restricted to considering whether, as a matter of law, the administrative body acted fraudulently, arbitrarily, or capriciously, whether the administrative order is substantially supported by evidence, and generally whether the active administrative body was within the scope of its authority.

*Elliott v. New Mexico Real Estate Com'n,* 103 N.M. 273, 275, 705 P.2d 679, 681 (1985).

> On appeal to this Court, the review of an administrative decision is the same as before the district court. However, our review requires a two-fold analysis. Ultimately, we must decide whether the district court was correct in finding substantial evidence to support the [administrative body's] order. In making that decision, we must independently examine the entire record.

*National Council on Compensation Ins. v. New Mexico State Corp. Comm'n,* 107 N.M. 278, 282, 756 P.2d 558, 562 (1988) (citations omitted).

> In *Duke City Lumber Co. v. New Mexico Environmental Improvement Board,* 101 N.M. 291, 681 P.2d 717 (1984), this Court held that for purposes of reviewing administrative decisions the substantial evidence rule is expressly modified to include whole record review. Under whole record review, the court views the evidence in the light most favorable to the agency decision, but may not view favorable evidence with total disregard to contravening evidence.
>
> * * * The reviewing court needs to find evidence that is credible in light of the whole record and that is sufficient for a reasonable mind to accept as adequate to support the conclusion reached by the agency.

*Id.* at 282, 756 P.2d at 562 (citations omitted). "Arbitrary and capricious action by an administrative agency consists of a ruling or conduct which, when viewed in light of the whole record, is unreasonable or does not have a rational basis * * *." *Perkins v. Department of Human Servs.,* 106 N.M. 651, 655, 748 P.2d 24, 28 (Ct.App. 1987).

> On appeal, the role of an appellate court in determining whether an administrative agency has abused its discretion by acting in an arbitrary and capricious manner, is to review the record to determine whether there has been unreasoned action without proper consideration in disregard for the facts and circumstances. Where there is room for two opinions, the action is not arbitrary or capricious if exercised honestly and upon due consideration, even though another conclusion might have been reached.

*Id.* at 655, 748 P.2d at 28 (citations omitted).

 In this case an exhibit was introduced which shows the fault line touching the western boundary of Snyder Ranches's property. Snyder Ranches argues that this contact is proof positive that the fault line must include part of their land. We do not agree. The fact that the fault line and the boundary line merge at a particular point does not mean that the fault line encompasses land beyond the boundary line. While we recognize that a boundary line is an imaginary line infinitely narrow, whereas the pencil mark upon a plat is extremely large in proportion to the scale of the overall plat, and while we recognize that a fault

line drawn upon a plat is by necessity arbitrary, as the twisting path of a fault line cannot be accurately represented by a straight line upon a plat, these are considerations for the fact finder who is in the best position to weigh the evidence and determine the facts of the controversy.

Having found substantial evidence to support the Commission and district court's conclusions, our analysis should end. However, in order to avoid future error, we take this opportunity to answer Snyder Ranches's assertion that the granting of Mobil's application to inject salt water into the disposal well authorizes a trespass against Snyder Ranches's property. We do not agree.

The State of New Mexico may be said to have licensed the injection of salt water into the disposal well; however, such license does not authorize trespass. The issuance of a license by the State does not authorize trespass or other tortious conduct by the licensee, nor does such license immunize the licensee from liability for negligence or nuisance which flows from the licensed activity. *See Lummis v. Lilly,* 385 Mass. 41, 46–47, 429 N.E.2d 1146, 1150 (1982); *Summer v. Township of Teaneck,* 53 N.J. 548, 556, 251 A.2d 761, 765 (1969). In the event that an actual trespass occurs by Mobil in its injection operation, neither the Commission's decision, the district court's decision, nor this opinion would in any way prevent Snyder Ranches from seeking redress for such trespass.

The district court is affirmed.

IT IS SO ORDERED.

SOSA, C.J., and BACA, J., concur.