916 P.2d 1337

Michael B. ODEN, Petitioner–Appellant,

v.

STATE of New Mexico, REGULATION AND LICENSING DEPARTMENT, Construction Industries Commission, and Construction Industries Division, Respondents–Appellees.

No. 23110.

Supreme Court of New Mexico.

April 26, 1996.

Michael B. Oden, Roswell, Pro Se.

Tom Udall, Attorney General, William S. Keller, Assistant Attorney General, Santa Fe, for Appellees.

## OPINION

FROST, Chief Justice.

1. Petitioner–Appellant Michael Oden challenged the revocation of his contractor's license and qualifying party certificate by Respondents–Appellees New Mexico Construction Industries Commission and Division (CID). Oden appealed CID's decision to the district court, which affirmed. Finding no error, we affirm the decisions of CID and the district court.

## I. FACTS

2. Oden was a licensed New Mexico contractor and a certified qualifying party subject to regulation by CID. In 1993 Greta Balderama and Lynn Chelewski, homeowners for whom Oden had built houses, filed complaints with CID regarding construction defects in their homes. The building inspector for the City of Carlsbad investigated the complaints and found evidence of building code violations, including settlement cracks of an interior load-bearing wall; grout falling off the tile around the tub and shower; leaking windows; and a failure to seal the

fireplace flue, which resulted in water leaks and loosening of the fireplace tiles.

3. CID mailed copies of the complaints and the inspector's reports and notices of mediation meetings in each case to Oden by certified mail, return receipt requested. Oden or his immediate family members signed for these mailings. Oden did not attend either of the mediation meetings. In 1994 CID issued a notice of contemplated action and held an administrative hearing, after which CID revoked Oden's license and qualifying party certificate and imposed a fine of $2,000.

4. In 1995 Oden sought review of CID's decision in the district court. After a hearing, the district court affirmed CID's decision, and Oden appealed to this Court. On appeal, Oden raised four issues: (i) whether CID's investigator improperly failed to obtain a statement from Oden; (ii) whether CID's notice to Oden sufficiently apprised him that his qualifying party certificate was in jeopardy; (iii) whether Oden was denied adequate discovery before the administrative hearing; and (iv) whether there was sufficient evidence to support CID's decision. CID argued that Oden's contentions were meritless and also asserted that Oden waived his objections by failing to raise them at the administrative revocation hearing.

## II. APPELLATE JURISDICTION AND STANDARD OF REVIEW

5. There are two New Mexico statutes that apply to this case. The first is the Construction Industries Licensing Act, NMSA 1978, §§ 60–13–1 to –59 (Repl. Pamp.1989 & Cum.Supp.1995) [hereinafter CILA]. The second is the Uniform Licensing Act, NMSA 1978, §§ 61–1–1 to –33 (Repl. Pamp.1993) [hereinafter ULA]. We note jurisdiction over this appeal pursuant to CILA, Section 60–13–27(D) (providing judicial review of revocation and suspension proceedings in accord with appeal procedures of ULA), and ULA, Section 61–1–23 (providing appeal to Supreme Court of proceedings under ULA).

■ 6. In reviewing license revocations, "this Court conducts the same review as the district court and, at the same time, determines whether the district court erred in the first appeal." *Rex, Inc. v. Manufactured Hous. Comm.,* 119 N.M. 500, 504, 892 P.2d 947, 951 (1995). "Our examination is limited to assessing whether the agency acted arbitrarily or capriciously, whether the decision was supported by substantial evidence, and whether the agency acted within the scope of its authority." *Id.; see also* ULA, § 61–1–20 (setting out scope of review). We note that the district court is limited to the exceptions stated in the petition. Section 61–1–17.

## III. CID INVESTIGATION

■ 7. CILA, Section 60–13–27, governed CID's investigation. Oden argued that this section required the CID investigator to obtain a statement from the licensee before proceeding with the revocation hearing. Oden placed emphasis on the language in Subsection B: "The person assigned by the director *shall* make an immediate investigation, securing all pertinent facts and statements, including a statement from the contractor, if he is available, and names and addresses of witnesses." Section 60–13–27(B) (emphasis added).

8. We disagree with Oden's interpretation. The sentence in Subsection B upon which Oden relied does not support his argument. This sentence states that the investigator "shall make an immediate investigation, securing all pertinent facts and statements." Section 60–13–27(B). If the legislature had intended "shall" to modify "securing all pertinent facts," it would have worded the statute: "shall make an immediate investigation *and secure* all pertinent facts." Grammatically, "shall" cannot form a compound verb with "securing."

9. Moreover, Subsection A of this section states that "[t]he director *may* assign one or more inspectors ..., investigators or other personnel to investigate that licensee." Section 60–13–27(A) (emphasis added). The fact that the director has no statutory duty to

assign an inspector undercuts Oden's argument that the inspector *must* obtain the contractor's statement. *See State ex rel. Sun Co. v. Vigil,* 74 N.M. 766, 772–73, 398 P.2d 987, 991–92 (1965) (discussing statutory interpretation of mandatory and directory language). Therefore, the statute is properly read as requiring only that the inspector make a reasonable effort to gather all pertinent information during the investigation.[1]

10. Finally, even assuming for the sake of argument only that Oden's objection was valid, he nevertheless waived his objection to the investigator's failure to obtain his statement by not objecting at the administrative hearing. *See Wolfley v. Real Estate Comm'n,* 100 N.M. 187, 189, 668 P.2d 303, 305 (1983) ("[I]ssues not raised in administrative proceedings will not be considered for the first time on appeal."). Oden contended that he did raise the issue in "Respondents Objections to Hearing Officers Report" [sic]. However, in that document Oden merely directed CID to "please consult with your attorney so that he can advise you of the due process problems with this action." This is too vague to have alerted CID to the alleged error. *Cf. Poorbaugh v. Mullen,* 99 N.M. 11, 17, 653 P.2d 511, 517 (Ct.App.) ("Objections in general terms are not sufficient to advise the [trial] court of the particular claim of error so that it may be corrected."), *cert. denied,* 99 N.M. 47, 653 P.2d 878 (1982). Consequently, the district court did not err by rejecting Oden's complaint regarding the CID investigator's failure to obtain Oden's statement.

## IV. NOTICE

11. The next issue is whether CID's notice to Oden sufficiently apprised him that his qualifying party certificate[2] was in jeopardy. The caption to the Notice of Contemplated Action (NCA) dated April 18, 1994, referred to Oden's qualifying party certificate. The body of the NCA tracked the statutory language of Section 61–1–4(D) (setting out notice requirements for NCA), but referred only to the company license and not to the qualifying party certificate. CID argued that Oden was provided notice by the Amended Notice of Hearing because it specifically referenced both Oden's qualifying party certificate and the applicable section of CILA, Section 60–13–24. However, this notice, like the NCA, did not state that Oden's qualifying party certificate could be revoked.

12. At the administrative hearing, both Oden's contractor's license and his qualifying party certificate were revoked. Oden argued that CID's notice violated his due process rights because it apprised him only that his contractor's license was in jeopardy under Section 60–13–23, and not that his qualifying party certificate was also in jeopardy under Section 60–13–24.

13. In *Wolfley,* 100 N.M. at 189, 668 P.2d at 305, this Court held that a real estate salesman waived his objection to alleged deficiencies in his NCA by appearing at the administrative hearing without objecting to the sufficiency of the notice. Therefore, under *Wolfley,* Oden waived his objection by appearing at the administrative hearing and defending on the merits without objecting to notice, even assuming that the NCA was defective. As discussed above in part III, Oden's vague objection of "due process problems" was insufficient to alert CID to the specific complaint. *Cf. Poorbaugh,* 99 N.M. at 17, 653 P.2d at 517.

14. Moreover, for several reasons we conclude that Oden was provided with notice sufficient to satisfy due process. First, Oden actually knew that his qualifying party certificate was in jeopardy, as reflected in his letter to CID requesting a hearing on the contemplated action. In this letter, he dis-

1. We reject as meritless CID's argument that Oden was not "available" under Subsection B because he failed to attend the mediation sessions.

2. "A qualifying party who is issued a certificate of qualification is an individual who submits to be examined and who is responsible for the licensee's compliance with [CILA]." *State v. Jenkins,* 108 N.M. 669, 670, 777 P.2d 908, 909 (Ct.App.1989).

cussed both his contractor's license and his qualifying party certificate. Second, Oden did not demonstrate any prejudice from the alleged defect in the NCA. He did not show, for example, that he would have conducted his defense at the hearing any differently had the NCA been complete.

15. Third, the NCA was sufficient to provide Oden with notice, even though the NCA did not state that Oden's qualifying party certificate was in jeopardy. Oden knew the general nature of the proceedings against him, and that is all that notice pleading requires. *Cf. Weiss v. New Mexico Bd. of Dentistry,* 110 N.M. 574, 581, 798 P.2d 175, 182 (1990) (holding that the NCA "serves the same function as a complaint in a civil case, affording notice to the party against whom relief is sought of the facts alleged to justify the relief, but not going into extensive evidentiary detail in support of those facts"). *See generally Farmers, Inc. v. Dal Mach. & Fabricating, Inc.,* 111 N.M. 6, 9, 800 P.2d 1063, 1066 (1990) ("The pleadings, however, are not dispositive of the issues, and recovery may be founded on other grounds not specifically stated in the complaint."); *Malone v. Swift Fresh Meats Co.,* 91 N.M. 359, 362, 574 P.2d 283, 286 (1978) ("It is only necessary that the pleading generally indicate the type of litigation that is involved and give a summary of the case that affords fair notice."). Consequently, the district court correctly rejected Oden's challenge to the sufficiency of the notice afforded him.

## V. DISCOVERY

■ 16. Oden next argued that he did not receive all the documents that CID ultimately used against him. In a letter to CID, Oden requested prehearing discovery, as permitted by ULA, Section 61–1–8. Oden stated, "please let this letter serve as my request for full discovery of all information that will be presented against me in any proceedings." Christopher Coppin, Assistant Attorney General, responded, "you have a copy of all documents I intend to use at the hearing." ULA, Section 61–1–8(B), permits

the licensee to "inspect and copy any documents or items which the other party will or may introduce into evidence at the hearing."

17. Particularly, Oden argued that he did not receive the following notices: July 21, 1991, CID Notice of Complaint by Mrs. Balderama; August 26, 1993, CID Notice of Complaint by Mr. Chelewski; August 13, 1993, Notice of Code Violations and Inspector's Report in the Balderama case; September 9, 1993, Notice of Code Violations and Inspector's Report in the Chelewski case; October 27, 1993, Notice of Mediation Meeting in Balderama case; and November 2, 1993, Notice of Mediation Meeting in Chelewski case. These notices were mailed to his residence by certified mail and signed for by Oden, his wife, or his daughter.

18. ULA, Section 61–1–5, sets out the appropriate method of service. This section permits service "by certified mail, return receipt requested, directed to the licensee or applicant at his last know[n] address as shown by the records of the board." A notice or decision is "deemed to have been served on the date borne by the return receipt showing delivery." *Id.* CID complied fully with this section.

19. When Oden's wife and daughter accepted delivery on his behalf, they acted as his agents. *See State Sav. & Loan Ass'n v. Anderson,* 106 N.M. 607, 608, 747 P.2d 253, 254 (1987) (upholding assertion of personal jurisdiction over defendant whose attorney accepted service on defendant's behalf). Oden should not, therefore, be heard to complain that he never actually received these documents. CID did everything it could to ensure that Oden received them; if he did not receive them, it was not due to any error or failing of CID.

20. Oden countered that CID should have provided additional copies of these notices in response to his request for discovery. CID responded that it did not provide additional copies in response to Oden's request for discovery because CID had already provided copies to Oden. Regardless of whether CID should have provided Oden with additional

copies of the notices upon his written request, we find that CID's actions did not amount to reversible error.[3] CID and the trial court properly charged Oden with notice because it is undisputed that he constructively received these documents when they were mailed to his house. Consequently, the district did not err in rejecting Oden's contention that CID failed to afford him adequate discovery.

## VI. SUFFICIENCY OF THE EVIDENCE

■ 21. Lastly, Oden argued that there was insufficient evidence to support CID's decision revoking his license and qualifying party certificate. At the hearing, both sides presented ample testimony concerning the alleged building-code violations. Both complainants, Balderama and Chelewski, testified extensively about their dealings with Oden and described their attempts to resolve the alleged deficits in their respective houses with Oden, albeit without success. The Carlsbad building inspector testified regarding his findings. Oden was present to cross-examine all witnesses and also to present his view of the matter. He also presented on his

behalf the testimony of two individuals with knowledge of the construction industry in Carlsbad. Based on the testimony and documentary evidence obtained during the hearing that were properly made a part of the record before this Court, we conclude that substantial evidence supports CID's decision.

## VII. CONCLUSION

22. For the foregoing reasons, we affirm CID's decision revoking Oden's contractor's license and qualifying party certificate.

23. **IT IS SO ORDERED.**

BACA and MINZNER, JJ., concur.

---

**3.** We reject as meritless CID's other arguments in support of its failure to provide additional copies of these notices in response to Oden's request for discovery.