This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38686

**BOARD OF TRUSTEES OF LA MERCED
DEL PUEBLO DE TAJIQUE,**

Appellant-Petitioner,

v.

**BOARD OF COUNTY COMMISSIONERS
OF TORRANCE COUNTY,**

Appellee-Respondent,

and

**GRAVITY PAD PARTNERS, LLC,**

Intervenor-Respondent.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY
Matthew Reynolds, District Judge**

New Mexico Legal Aid
David Benavides
Santa Fe, NM

for Petitioner

John M. Butrick
Estancia, NM

for Appellee-Respondent

Hatch Law Firm
Jesse C. Hatch
Albuquerque, NM

for Intervenor-Respondent

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Petitioner Board of Trustees of La Merced del Pueblo de Tajique appeals the district court's decision to affirm the Board of County Commissioners of Torrance County's (the Board) decision that granted Intervenor Gravity Pad Partners, LLC (Gravity Pad) a conditional use permit and variance to construct a telecommunication tower. Petitioner argues the permit violates the Torrance County Zoning Ordinance (the Ordinance) because the Ordinance does not allow conditional use permits for "communication structures and facilities" in the relevant zone district, and, because "communication structures and facilities" are not permitted uses, a further variance is not permitted. We reverse.

## BACKGROUND

**{2}** Gravity Pad applied to the Torrance County Planning and Zoning Board (the Zoning Board) for a conditional land use permit and height variance for a "new 199[ -]foot self[-]support telecommunication tower to provide cellular coverage" in Torrance County (the Application). The Zoning Board heard testimony, accepted written public comment, and voted to deny the Application. Gravity Pad appealed the Zoning Board's decision to the Board. The Board considered the evidence presented to the Zoning Board as well as additional testimony and public comment, voted to reverse the decision of the Zoning Board, and approved the conditional use permit and variance. Petitioner appealed the Board's decision to the district court. The district court summarily denied the appeal. In response, Petitioner filed a petition for writ of certiorari to this Court, pursuant to Rule 12-505 NMRA.

## DISCUSSION

**{3}** The district court's standard of review for "the decision of an administrative agency is (1) whether the agency acted fraudulently, arbitrarily, or capriciously; (2) whether based upon the whole record on appeal, the decision of the agency is not supported by substantial evidence; (3) whether the action of the agency was outside the scope of authority of the agency; or (4) whether the action of the agency was otherwise not in accordance with law." *Filippi v. Bd. of Cnty. Comm'rs of Torrance Cnty.*, 2018-NMCA-050, ¶ 10, 424 P.3d 658 (internal quotation marks and citation omitted); *see* Rule 1-074(R) NMRA (delineating the standard of review by the district court of administrative decisions). This Court employs "the same standard of review used by the district court while also determining whether the district court erred in its review" in administrative appeals on certiorari. *Paule v. Santa Fe Cnty. Bd. of Cnty. Comm'rs*, 2005-NMSC-021, ¶ 26, 138 N.M. 82, 117 P.3d 240. Because the district court summarily affirmed, we review the Board's decision.

## I.     The Torrance County Zoning Ordinance

**{4}** We first address requirements for a conditional use permit as set out in the Ordinance, which controls the requirements for the Application. Three factors must be considered when granting a conditional use permit per the Ordinance—the zone district, the allowable land use, and the conditional use permit guidelines, such as the proposed land use's general compatibility with adjacent properties. Torrance County, N.M., Zoning Ordinance §§ 6(K), app. at 1, 21(D)(5) (2016).[1] Only the zone district and allowable land use are implicated here and we describe each in turn.

**{5}** Torrance County is separated into thirteen zone districts, in which "requirements for the use of land and building and development standards are prescribed." Torrance County, N.M., Zoning Ordinance §§ 7(A), 4(B)(46). The two zone districts relevant to this appeal are the Village Community Preservation District (VCP) and the Rural Community Preservation District (RCP). *See* Torrance County, N.M., Zoning Ordinance §§ 14.0, 14.1. The VCP zone district "preserves residential clusters in established unincorporated communities, and is intended to protect development of historic significance." Torrance County, N.M., Zoning Ordinance § 14.0(A). The RCP zone district "protects and preserves areas within [Torrance] County, which are characterized by their limited access, minimal development, limitations on water resources, natural beauty, fragile environment[,] and native wildlife populations." Torrance County, N.M., Zoning Ordinance § 14.1(A). In its decision, the Board found that the Application sought to erect the proposed tower in the VCP zone district. In both VCP and RCP zone districts, "[n]o building, structure, or land shall be used or occupied except as indicated and for the purposes permitted . . . . Uses permitted by right and uses allowed upon obtaining a Conditional Use Permit are described in the Torrance County Zoning Table of Land Uses [(the Table of Land Uses)]." Torrance County, N.M., Zoning Ordinance §§ 14.0(B), 14.1(B). Thus, the purpose of the telecommunication tower is relevant to the allowable land use.

**{6}** The Table of Land Uses in the Ordinance "enumerates the allowable land uses in each Zone District," and contains over 150 listed land uses. Torrance County, N.M., Zoning Ordinance § 6(K), app. at 1-7. Relevant to the present case, two types of allowable land uses for the particular zone districts are listed in the Ordinance: "[e]ssential public utilities distribution structures" and "[c]ommunication structures and facilities." Torrance County, N.M., Zoning Ordinance app. 1 at 2, 3. Neither of these two listed land uses are defined in the Ordinance. The general provisions section of the Ordinance states that, "[e]xcluding towers for cell phone communications . . . and telephone communications, a parcel used for essential public utility distribution structures or for communication structures or facilities shall be at least 5 acres in area." Torrance County, N.M., Zoning Ordinance § 6(G). Thus, the Ordinance contemplates cell phone communication towers could be either "essential public utilities distribution structures" or "communication structures or facilities." *Id.*; *see Albuquerque Bernalillo Cnty. Water Util. Auth. v. N.M. Pub. Regulation Comm'n*, 2010-NMSC-013, ¶ 51, 148 N.M. 21, 229 P.3d 494 ("The canons of statutory construction guide our interpretation of administrative regulations."); *Dep't of Game & Fish v. Rawlings*, 2019-NMCA-018, ¶ 6, 436 P.3d 741 ("We consider all

---

1The Torrance County, N.M., Zoning Ordinance was amended in 2020. All references in this opinion are to the 2016 version of the Zoning Ordinance.

parts of the statute together, reading the statute in its entirety and construing each part in connection with every other part to produce a harmonious whole." (alterations, internal quotation marks, and citation omitted)).

**{7}** Conditional use permits for both "[e]ssential public utilities distribution structures," and "[c]ommunication structures and facilities" are allowed in the RCP zone district. Torrance County, N.M., Zoning Ordinance app. at 2, 3. Only conditional use permits for "[e]ssential public utilities distribution structures" are allowed in the VCP zone district, however. Torrance County, N.M., Zoning Ordinance app. at 3. Stated another way, conditional use permits are not allowed in the VCP zone district for "communication structures and facilities." Torrance County, N.M., Zoning Ordinance app. at 2.

## A. The Board's Finding That the Application Seeks a Location in the VCP Zone District Is Not Supported by Substantial Evidence

**{8}** We first address the Board's assertion that the Application seeks to locate the telecommunication tower in the RCP zone district, rather than the VCP zone district. We construe the Board's argument to be that the Board's finding that the Application contemplates a location in the VCP zone district is not supported by substantial evidence. We agree.

**{9}** When we review for substantial evidence, "we will not substitute our judgment for that of the agency; although the evidence may support inconsistent findings, we will not disturb the agency's finding if supported by substantial evidence on the record as a whole." *Rodriguez v. Permian Drilling Corp.*, 2011-NMSC-032, ¶ 7, 150 N.M. 164, 258 P.3d 443 (alteration, omission, internal quotation marks, and citation omitted). "Under whole record review, evidence is viewed in a light most favorable to upholding the agency's determination, but favorable evidence is not viewed in a vacuum that disregards contravening evidence." *Bass Enters. Prod. Co. v. Mosaic Potash Carlsbad Inc.*, 2010-NMCA-065, ¶ 28, 148 N.M. 516, 238 P.3d 885. "The reviewing court needs to find evidence that is credible in light of the whole record and that is sufficient for a reasonable mind to accept as adequate to support the conclusion reached by the agency." *Snyder Ranches, Inc. v. Oil Conservation Comm'n*, 1990-NMSC-090, ¶ 5, 110 N.M. 637, 798 P.2d 587.

**{10}** Petitioner does not challenge the finding that the parcel of land at issue is in the VCP zone district. In response to the Board's argument that the location sought for the telecommunication tower is in the RCP zone district, Petitioner argues that the Board "forfeited any right to challenge its own finding" because the Board made the finding regarding the zone district, the Board acknowledged the parcel was in the VCP zone district to the district court, the Board acknowledged the VCP zoning in its briefing regarding the petition for writ of certiorari to this Court, it did not file a cross-petition to correct the error, and also because of "lack of timeliness, lack of preservation, and invited error."

**{11}**    While we agree generally with the proposition that a party inviting error cannot complain about the error on appeal, we will not rely on that proposition here. *See State v. Jim*, 2014-NMCA-089, ¶ 22, 332 P.3d 870 ("[A] party may not invite error and then proceed to complain about it on appeal."). We decline to affirm based on invited error because, as we explain below, there is simply no evidence to affirm the Board's finding, and we cannot affirm without *any* evidentiary basis because that would offend this Court's purpose in this context—to correct erroneous results. *See Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 ("To conclude that substantial evidence exists to support an administrative decision we need only find that there is credible evidence for a reasonable mind to accept as adequate the result reached by the agency."); *State v. Barber's Super Mkt., Inc.*, 1964-NMSC-049, ¶ 3, 74 N.M. 58, 390 P.2d 439 (noting that "[a] reviewing court's primary function is to correct an erroneous result").

**{12}**    Our own review of the record reveals no evidence that the parcel at issue was in the VCP zone district. Moreover, in reviewing the Torrance County Zoning Map contained in the Ordinance, we cannot discern in which zone district the parcel at issue is located. *See* Torrance County, N.M., Zoning Ordinance § 6(L) ("The Torrance County Zoning Map shows the adopted boundaries of the zone districts within Torrance County."). Thus, we cannot say that substantial evidence supports the Board's finding that the Application seeks to place the telecommunications tower on a parcel of land in the VCP zone district.[2]

**{13}**    The Board argues, however, that "the tower's construction should be allowed because the property and location at issue are on RCP, not VCP, land." This would require that this Court not only vacate the finding that the parcel is in the VCP zone district, as we have authority to do when a fact is not supported by substantial evidence, *cf. Rodriguez*, 2011-NMSC-032, ¶ 7 (noting appellate courts will not disturb a finding of fact on appeal if it is supported by substantial evidence), but also would require this Court to find that the parcel is in the RCP zone district. No party cites authority for the proposition that this Court may make findings of fact, and we decline to do so. *See* Rule 12-318(A)(4) NMRA (requiring appellate briefs include "an argument which, with respect to each issue presented, shall contain . . . citations to authorities"); *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that where arguments are not supported by cited authority, we presume counsel was unable to find supporting authority, will not research authority for counsel, and will not review issues unsupported by authority); *Martinez v. N.M. State Eng'r Off.*, 2000-NMCA-074, ¶ 48, 129 N.M. 413, 9 P.3d 657 (stating that "in administrative appeals the [appellate] court is a reviewing court, not a fact-finder"); *Blaze Constr. Co. v. N.M. Tax'n & Revenue Dep't*, 1994-NMSC-110, ¶ 24,

---

[2]To the extent that Gravity Pad argues "[i]nterpretation of the Ordinance to permit cell phone towers as a conditional use for areas zoned as VCPs" is consistent with federal laws, we decline to address the interpretation of federal statutes in light of our determination that substantial evidence does not exist to find the parcel at issue is in the VCP zone district. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 36, 137 N.M. 26, 106 P.3d 1273 ("A reviewing court generally does not decide academic or moot questions.").

118 N.M. 647, 884 P.2d 803 ("It is well established that an appellate court will not find facts on appeal.").

## B. The Board Made Insufficient Findings of Facts and Conclusions of Law Regarding Land Use

{14}    Petitioner argues that, as a matter of law, the Application's land use pertains to "communication structures and facilities," which the Ordinance does not permit in the VCP zone district. The Board and Gravity Pad contend that substantial evidence supports the determination that the Application's land use, as a matter of law, is an "essential public utility distribution structure," and the Board's decision allowing the conditional use permit should be affirmed.

{15}    In this case, the Board did not make *any* finding of fact or conclusion of law regarding the nature of the Application's requested land use. The Board's decision did not reference either a "public utility distribution structure" or "communication structure[ or] facility," based on the Ordinance, but instead focused on the requirements for a conditional use permit. *See* Torrance County, N.M., Zoning Ordinance § 21(D)(1)-(6) app. at 2, 3 (listing guidelines for conditional use permits). The Board noted that the Application was for "a communications tower facility and referred to the "proposed facility," "the proposed project," and "the communications tower facility." However, it did not address whether evidence presented established that the proposed telecommunication tower was either a "communications structure[] or facilit[y]" or an "essential public utilit[y] distribution structure[]." *See* Torrance County, N.M., Zoning Ordinance app. at 2, 3. Moreover, the Board did not address the general provisions section of the Ordinance, which provides that "towers for cell phone communications" may constitute "public utilities distribution structures," or "communication structures or facilities," or whether either characterization was applicable here. *See* Torrance County, N.M., Zoning Ordinance § 6(G), app. at 2, 3.

{16}    Although the Application and the Board's decision demonstrate the Application was for the construction of a telecommunication tower, the Board did not make any findings of facts or conclusions of law regarding the applicable land use. As such, the Board failed to make findings of facts and conclusions of law sufficient for this Court to review. "When findings wholly fail to resolve in any meaningful way the basic issues of fact in dispute, they become clearly insufficient to permit the reviewing court to decide the case at all." *Green v. Gen. Accident Ins. Co. of Am.*, 1987-NMSC-111, ¶ 21, 106 N.M. 523, 746 P.2d 152 (alteration, internal quotation marks, and citation omitted).

{17}    The ultimate facts necessary for the conclusion that a conditional use permit was appropriate require findings addressing the land use and the zone district applicable to the parcel of land at issue. *See* Torrance County, N.M., Zoning Ordinance §§ 6(K), app. at 1, 21(D)(5). The Board made no such findings supported by substantial evidence. Therefore, we reverse the district court with instructions to remand to the Board to make these determinations. *See Gabriele v. Gabriele*, 2018-NMCA-042, ¶ 27, 421 P.3d 828 ("Where the ends of justice require, an appellate court may remand a case . . . for the making of proper findings of fact." (internal quotation marks and citation omitted)); *High*

*Ridge Hinkle Joint Venture v. City of Albuquerque*, 1994-NMCA-139, ¶ 39, 119 N.M. 29, 888 P.2d 475 ("When the record before the reviewing court generates genuine doubt concerning whether the agency's interpretation merits deference, the best course is to remand the matter to the agency for reconsideration."); *Cadena v. Bernalillo Cnty. Bd. of Cnty. Comm'rs*, 2006-NMCA-036, ¶¶ 3, 19, 139 N.M. 300, 131 P.3d 687 (reversing, on certiorari, the district court with instructions to the court to remand to the board to make findings).

**{18}** Because Petitioner's argument regarding the variance is based on the legal sufficiency of the conditional use permit, we need not address the argument.

**CONCLUSION**

**{19}** We reverse the district court's decision with instructions to remand to the Board for further proceedings consistent with this opinion.

**{20} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KATHERINE A. WRAY, Judge**